Wilbur E. SULLIVAN,
Plaintiff-Appellant,

v.

Sgt. FORD, Classification Officer, et al.,
Defendants-Appellees.

No. 79–2332
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1980.

Wilbur E. Sullivan, pro se.

Lucy H. Harris, Asst. Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Wilbur E. Sullivan, a Florida state prisoner, brought this 42 U.S.C. § 1983 suit complaining of the confiscation of $2,197.40 found by prison officials among his belongings. The district court granted summary judgment for defendants. We affirm.

The law of Florida specifically provides

(3) Any contraband found upon, or in the possession of, any patient or inmate in any [state] institution under the jurisdiction of any [state] division shall be confiscated and liquidated and the proceeds thereof shall be deposited in the welfare trust fund of the division.

Fla.Stat. § 402.18(3).

The Florida Department of Offender Rehabilitation adopted rule 33–3.06 that is ap-

plicable here. The rule provides that "money found in the possession of an inmate in excess of fifteen (15) dollars . . . shall be considered contraband and shall be confiscated and deposited in the Welfare Trust Fund." Sullivan was provided notice of this restriction in his orientation manual.[1] Under the prison rules, Sullivan was permitted to have larger sums in an inmate banking account.

Sullivan's currency was found hidden in a talc can during an investigatory search. He first claimed to have brought the money with him when he came to prison. He later said he had saved it from sales of extra coffee while he was working in the prison canteen. He offered no explanation as to why most of the money was in hundred dollar bills.

Sullivan was charged with possession of unauthorized amounts of cash, which he admitted. Prison officials returned fifteen dollars to him and confiscated and placed the balance in the Inmate Welfare Fund. No factual dispute appears from the record. Sullivan contends that confiscation of his money constitutes a due process violation.

■ Judicial interference with prison administration should be avoided whenever possible. We sustain prison regulations unless they are found to be unreasonable and arbitrary. *Hill v. Estelle*, 537 F.2d 214, 215 (5th Cir. 1976). Many valid reasons justify this restriction on the amount of currency that prison inmates are allowed. Large sums in possession of an inmate may invite attack by other inmates. Inmates with such funds are in better position to escape, to procure drugs, or to bribe guards or other prison employees. Large caches of currency in a prison serve no useful purpose and pose a significant potential for mis-

chief. Prison inmates necessarily suffer a limitation of the rights, including property rights, enjoyed by ordinary citizens. *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). A state has a compelling interest in maintaining security and order in its prisons and, to the extent that it furthers this interest in reasonable and non-arbitrary ways, property claims by inmates must give way.

■ Under similar facts the sixth circuit held that confiscation of an inmate's currency did not violate his civil rights. *Kimble v. Department of Corrections*, 411 F.2d 990 (6th Cir. 1969). *See also Aragon v. Wathen*, 352 F.2d 77 (9th Cir. 1965). We agree that the Florida statute and regulation are reasonable and nonarbitrary, and therefore that summary judgment for the defendants was correctly entered.

AFFIRMED.

---

1. Sullivan filed an affidavit in the district court stating

    Affiant further submits that the only notice given to him concerning excessive money was given to him in an *orientation manuel* [sic] of which pages 46 and 47 are attached—to this affidavit as affiant's exhibit I,

    Affiant further submits that he has at no time been given a fair warning that United States currency is contraband.

On the reverse side of attached pages 46 and 47, however, are pages 45 and 48 of the orientation manual. Page 45 contains the prohibition of which Sullivan claims ignorance including the express provision

    Any cash found in an inmate's possession, or in his personal effects once he had been processed into the institution will be considered contraband.

Thus Sullivan's sworn denial of notice serves to prove the contrary.