Willie HARRIS, Plaintiff-Appellant,

v.

T.J. FORSYTH and F. Christensen,
Defendants-Appellees.

No. 83–3394
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 22, 1984.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Willie Harris appeals from a summary judgment finding that his constitutional rights were not violated by the confiscation of his money by prison officials. Harris, an inmate of the Union Correctional Institution (UCI), instituted this § 1983 action claiming an unconstitutional deprivation of property occurred when the $31.00 he had on his person was seized during a search on April 27, 1982. According to Harris, he was transferred from the Cross City Correctional Institution, where prisoners were allowed to have currency, to UCI and that prison officials at UCI never informed him or provided him with any kind of notice that money was considered contraband at the prison and would be confiscated and placed in the prisoner's welfare fund. The district court found that neither the confiscation of money nor the alleged unfairness of Harris being held responsible for rules with which he was not familiar stated a claim upon which relief could be granted.

The law is well established that a state has "a compelling interest in maintaining security and order in its prisons and, to the extent that it furthers this interest in reasonable and non-arbitrary ways, property claims by inmates must give way." *Sullivan v. Ford*, 609 F.2d 197 (5th Cir.1980). In *Sullivan*, another prison inmate complained about the confiscation

of over $2,000 found among his possessions. The court in that case examined Florida statute and prison regulations dealing with contraband and found them to be reasonable restrictions on the property rights of inmates. We note that the statute and regulations relied upon to seize the money in this case are virtually identical to those approved of in *Sullivan. Compare* Fla.Stat. § 945.215(1)(c) (1981) with Fla. Stat. § 402.18(3) (1977) and Rule 33–3.06 FAC (1982) with Rule 33–3.06. The statute in question makes it clear that any contraband found on or in the possession of an inmate will be confiscated and deposited in the inmate welfare fund. Rule 33–3.06(5)(b) of the Florida Administrative Code states that in institutions which rely on canteen coupons instead of cash, any and all cash will be considered contraband. UCI is a canteen coupon institution. Since such restrictions on currency amount to reasonable attempts to guarantee the individual safety of the prisoner and the security of the prison, a confiscation of an inmate's money does not violate his civil rights. *Sullivan, supra,* 609 F.2d at 198.

The district judge was also correct in its determination that lack of notice of the rule did not state a claim upon which relief could be granted. Submissions by the appellant, however, indicated that he had been informed by other prisoners that his money was not permissible at the prison and that it could not be used at the canteen. In addition, the superintendent of UCI testified by affidavit that Harris had been incarcerated at UCI from July of 1976 until November of 1978 and had received a disciplinary report in December of 1976 for possessing currency. Harris has not countered the evidence offered in this statement.

Even if Harris was not informed about the rules by prison officials, he had over three months to reacquaint himself with the rules and regulations at UCI. For the foregoing reasons, the dismissal upon summary judgment is

AFFIRMED.