William E. BAKER, # 005500,
Plaintiff-Appellant,

v.

G.R. PIGGOTT, Defendant-Appellee.

No. 87-3279.

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 16, 1987.

William E. Baker, pro se.

Lynda Quillen, Asst. Atty. Gen., Dept. of Legal Affairs, Susan A. Maher, Tallahassee, Fla., for defendant-appellee.

Before RONEY, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

Florida inmate William E. Baker appeals the denial of his 42 U.S.C.A. § 1983 com-

plaint alleging that his due process rights were violated when a prison correctional officer confiscated his money. Baker, transferred from Zephyrhills Correctional Institution, arrived at Union Correctional Institute with more than $300. Defendant G.R. Piggott, a correctional officer, deposited $30 in Baker's personal account and confiscated the rest. In his complaint, Baker sought $317.00 plus interest, court costs and $3,000 in punitive damages. Both parties filed motions to dismiss or for summary judgment. The district court granted Piggott's motion. We affirm.

■ Baker contends that the confiscation of his currency under Fla.Admin.Code rule 33–3.006(5) violated his right to due process. This Department of Corrections' rule governing the control and disposition of contraband provides, in part:

> (5)(a) No money shall be given directly to or received by any inmate unless authorized by the Superintendent, Officer-in-Charge, or his designated representative. The weekly draw of funds from the inmate's account shall not exceed $25 ... or a greater amount as established by the Assistant Secretary for Operations.... Any money *found* in the possession of an inmate in excess of $30 ... or in excess of a greater amount as established by the Assistant Secretary for Operations for a particular institution, shall be considered contraband and shall be confiscated and deposited in the Inmate Welfare Trust fund.

Fla.Admin.Code Rule 33–3.006(5)(a) (emphasis added).

Possession limits and confiscation rules are the same at Union Correctional Institute, which uses canteen coupons instead of cash money. *Id.* at 33–3.006(5)(b), (c).

The statute relied upon by the Department in promulgating the contraband rule provides that:

> (c) Any contraband found upon, or in the possession of, any inmate in any institution under the jurisdiction of the department shall be confiscated and liquidated, and the proceeds thereof shall be deposited in the Inmate Welfare Trust Fund of the department.

§ 945.215(1)(c), Fla.Stat. (1983).

In a factually similar case, this Circuit has considered and upheld the seizure of currency as contraband from prisoners under Florida law and under the rules of the Florida Department of Corrections. *Harris v. Forsyth*, 735 F.2d 1235 (11th Cir. 1984) (prisoner's currency confiscated after it was discovered during search of prisoner's person).

Baker claims that the Rule does not apply to him because he voluntarily complied with Piggott's order to relinquish his currency. The distinction is not significant because the purpose of the Rule is to maintain security and order by regulating the amount of money left in each prisoner's possession. *Harris v. Forsyth*, 735 F.2d at 1235. With this purpose, it is immaterial whether Baker surrendered his currency voluntarily or whether it was found after a search of his person and property.

Baker also argues that he was denied due process because the district court relied on a "false and perjurious" affidavit submitted by Piggott in support of his summary judgment motion. Baker contends that the affidavit is false because defendant Piggott stated that he discovered Baker's cash concealed in his personal radio during a search, and Baker did not have a personal radio among his belongings when he came to UCI.

Assuming that Baker's allegation is true, it does not raise any issue of material fact because confiscation of money in excess of a prescribed amount—whether on the prisoner's person or in his personal property—is required under Rule 33–3.006(5).

■ Baker states in his brief that the money was given to obtain an attorney. The district court correctly determined that Baker had numerous options for retaining counsel and his right of access to the courts was not violated merely because he was unable to retain a private attorney

after his money was confiscated. *See Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).

AFFIRMED.