961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marion A. ROBINSON, Plaintiff-Appellant,
v.
Lt. DEVENNY; Collins; Raymond Roberts; J.S. Patterson;
K.D. McGowan; L.V. Moore; Lanza; R.A. Hersh;
Frank Strickler; Wardlow, Defendants-Appellees.
 No. 91-3241.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1992.
 
 Before SEYMOUR, STEPHAN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Marion A. Robinson seeks to appeal from the dismissal of his complaint for money damages alleging that defendant prison officials wrongfully confiscated his "wave cap" or "doo rag," and then placed him in solitary confinement when he complained about it. The district court ordered a Martinez report, and thereafter dismissed the complaint pursuant to 28 U.S.C. § 1915(d) for lack of an arguable legal basis of liability, citing Neitzke v. Williams, 490 U.S. 319 (1989). The district court denied plaintiff leave to proceed in forma pauperis, finding the appeal frivolous and not taken in good faith. Plaintiff renews his motion for in forma pauperis status on appeal.
 
 
 2
 Under 28 U.S.C. § 1915(d), a court may "dismiss a claim on an indisputably meritless legal theory," such as a "claim of infringement of a legal interest which clearly does not exist." Neitzke, 490 U.S. at 327. Plaintiff's claims clearly fit this category.
 
 
 3
 Plaintiff's administrative segregation resulted from two alleged threats to prison staff, contrary to prison regulations. Although plaintiff was found not guilty of the first alleged threat and the second charge was dismissed, plaintiff's confinement before his disciplinary hearings pursuant to prison regulation is properly characterized as administrative, not disciplinary, and no statute or regulation has been suggested which would counsel greater procedural protection. See Hewitt v. Helms, 459 U.S. 460, 468 (1983); Bailey v. Shillinger, 828 F.2d 651, 652 (10th Cir.1987). Regarding the confiscation of plaintiff's head attire, such attire may not be worn as an outer garment pursuant to the prison dress code, I R. doc. 21, ex. 1 at 5, and prison officials may condition or limit the use of personal property without violating the due process clause. See Bell v. Wolfish, 441 U.S. 520, 554-55 (1979); Harris v. Forsyth, 735 F.2d 1235 (11th Cir.1984). Construing plaintiff's latter claim as one for intentional deprivation of property by prison officials, plaintiff would be required to pursue an adequate state postdeprivation remedy. Hudson v. Palmer, 468 U.S. 517, 536 (1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir.1984).
 
 
 4
 In the absence of "a rational argument on the law or the facts," petitioner's request to proceed in forma pauperis is DENIED, and the appeal is DISMISSED. See Coppedge v. United States, 369 U.S. 438, 448 (1962); 28 U.S.C. § 1915(d).
 
 
 5
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3