5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frederick MARTIN, Plaintiff-Appellant,
v.
Raymond E. GOINGS, Raymond Roberts, R.L. Smith, Steven J.
Davies, Defendants-Appellees.
 No. 93-3147.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Frederick Martin filed a pro se civil rights complaint against Appellee prison officials claiming that his Constitutional rights were violated when his television was confiscated. The United States District Court for the District of Kansas granted summary judgment in favor of Appellees, and this appeal follows. We grant Appellant's motion to proceed in forma pauperis and affirm for substantially the same reasons as the district court.
 
 
 3
 While conducting an authorized search of Appellant's cell for contraband, Appellee Goings found Appellant's television set on with its volume up even though Appellant was eating at the dining hall. It is against prison policy to operate a television without headphones so as to prevent sound from emitting from the equipment itself. Consequently, Appellee Goings confiscated the set and issued a disciplinary report. The disciplinary report, which was returned to Appellant's cell approximately thirty-five minutes after the confiscation, indicated that the television had been taken by prison officials.
 
 
 4
 Subsequently, Appellant was given notice of a disciplinary hearing concerning his use of his television. Appellant was found guilty and subjected to a verbal reprimand. Although the hearing board ordered that the television be returned, Appellant did not receive it for about two and one-half months. Appellant's appeal of the hearing board's decision was denied.
 
 
 5
 In district court and in this appeal, Appellant alleges that his television was not on when he left for the dining hall. He also alleges that prison regulations were violated because he was not present at the confiscation, he did not receive a separate confiscation notice, he did not receive the disciplinary report at the time of the confiscation, and his television was not returned in a timely manner. Appellant maintains that these allegations constitute a deprivation of his due process rights guaranteed by the Constitution.
 
 
 6
 It is well settled that summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Maughan v. SW Servicing, Inc., 758 F.2d 1381, 1387 (10th Cir.). The only salient fact in dispute here is whether the television was on at the time Appellee Goings searched Appellant's cell. However, when reviewing prison disciplinary proceedings for due process violations, we must determine only whether there is "some evidence" which supports the action taken. Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455. We agree with the district court that the disciplinary report written by Appellee Goings satisfies this federal standard of review.
 
 
 7
 Further, after carefully examining the record, we concur with the district court that "the confiscation of property was lawful under [existing] prison regulations, and the disciplinary action was processed with sufficient regard for plaintiff's right to due process." Memorandum and Order, at 4. See Bell v. Wolfish, 441 U.S. 520, 554-55 (prisoner's use of personal property may be conditioned or limited without violating due process clause); Harris v. Forsyth, 735 F.2d 1235 (11th Cir.). Also, while the return of Appellant's television and the review of his disciplinary action took an unusually long time, no facts have been asserted and we can find none which demonstrate any deprivation or intentional interference with Appellant's Constitutional rights.
 
 
 8
 Based on the foregoing, the district court's judgment is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3