52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 James H. KINDRED, Plaintiff-Appellant,
v.
D.S. BOONE and Jack R. Duckworth, Defendants-Appellees.
 No. 92-3326.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided April 18, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James Kindred, currently incarcerated in the Indiana State Reformatory in Pendleton, Indiana, appeals from the district court's denial of his petition to proceed in forma pauperis and the dismissal with prejudice of his complaint pursuant to 28 U.S.C. Sec. 1915(d).[1] Because of the court's dismissal of the petition, the defendants did not respond to the complaint. Kindred's claim arose from the defendants' confiscation of gaming paraphernalia and $735 in cash found in Kindred's cell following a shakedown on October 26, 1991 and the subsequent deposit of the money into the inmate recreation fund. Kindred alleged that D.S. Boone, a prison guard, and Jack Duckworth, superintendent at the Indiana State Reformatory, violated his substantive and procedural due process rights under the Fifth and Fourteenth Amendments. We affirm.
 
 
 2
 Under section 1915(d), the district court may dismiss a complaint if the claims therein have no arguable basis in law or fact and the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Castillo v Cook County Mail Room Dep't, 990 F.2d 304, 307 (7th Cir.1993). We review such a dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 3
 In his complaint, Kindred alleges that the defendants summarily seized and disposed of his cash without providing him with any due process whatsoever. Pursuant to Indiana Code Sec. 11-11-2-4(a), the defendants should have given him notice of the property confiscated, the reason for the seizure, and information relating to the grievance procedure so that Kindred could have challenged the defendants' actions. Because of the failure to provide notice, Kindred did not file a grievance within the 48 hours required by prison policy, and the money was placed in the Inmate Recreation Fund on October 28. See Ind.Code Ann. Sec. 11-11-2-4(d) ("Money seized as prohibited property shall be deposited in the inmate recreation fund"). On January 15, 1992, Kindred was found not guilty of the unauthorized possession of money over $50 because the prison officials did not properly identify the seized items or follow proper procedure. Kindred's money, however, remains in the recreation fund.
 
 
 4
 Kindred argues that the district court mistakenly concluded that he was not entitled to a predeprivation hearing. State action depriving an individual of a constitutionally protected property interest is not in itself unconstitutional unless the deprivation occurs without due process of law. Zinermon v. Burch, 494 U.S. 113, 125 (1990). Although generally the Constitution requires some kind of hearing before an individual may be deprived of property, id. at 127, the availability of a meaningful postdeprivation remedy for the loss is sometimes sufficient to fulfill the procedural due process requirement. Hudson v. Palmer, 468 U.S. 517, 532-33 (1984). In Zinermon, the Supreme Court concluded that a predeprivation hearing is not necessary if the state cannot feasibly hold such a hearing, the state is unable to anticipate and prevent a random deprivation of a protected interest, or a hearing would place an undue burden upon the state. 494 U.S. at 132.
 
 
 5
 It is beyond dispute that the rights of an inmate "may be diminished by the needs and exigencies of the institutional environment" and that due process rights "must be accommodated to the legitimate security needs of a corrections institution." Caldwell v. Miller, 790 F.2d 589, 608-09 (7th Cir.1986) (quoting Wolff v. McDonnell, 418 U.S. 539, 555 (1974)). In Caldwell, we upheld the confiscation of the inmates' hardbound books without a predeprivation hearing during a shakedown because of the prison officials' legitimate concern that these books could be used to hide weapons and other contraband. 790 F.2d at 609. See also Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir.1990) (per curiam) (prisoner's due process rights were not violated where he had adequate state post-deprivation remedies for the destruction of his personal property); Smith v. Maschner, 899 F.2d 940, 943 (10th Cir.1990) (same). Similarly, large sums of money in possession of an inmate serve no useful purpose and pose a serious security threat in prison. Sullivan v. Ford, 609 F.2d 197, 198 (5th Cir.1980) (inmates in possession of money may be open to attack by other inmates and are in a better position to escape, to procure drugs, or to bribe guards or other prison employees). As we noted in Caldwell, to provide the inmate with advance notice or a predeprivation hearing before confiscating his property would defeat the very purpose of a shakedown. 790 F.2d at 609. Hence, Kindred's contention that he was entitled to a predeprivation hearing before his money was seized has no arguable basis in law.
 
 
 6
 Furthermore, we conclude that Kindred's postdeprivation remedies are constitutionally adequate to remedy his alleged property loss. Although Kindred did not file a timely grievance because he was not given prompt notice that he could challenge the seizure, he admits in his complaint that on January 23, 1992 he was given a letter wherein defendant Duckworth authorized the filing of a belated grievance. "Plaintiff refused that letter after noting its content and it was returned." (Complaint, p 12). Kindred's refusal to avail himself of the remedies offered to him seriously undermines his claim that he received no due process.
 
 
 7
 In addition, we agree with the district court that Indiana's Tort Claims Act, Ind.Code Sec. 34-4-16.5-1 et. seq, provides a constitutionally adequate postdeprivation remedy to redress Kindred's property loss based on the defendants' alleged misconduct. Although Kindred argues that the state remedy is inadequate because state officials are immune from suit when acting within the scope of their employment, he does not accurately state Indiana law.
 
 
 8
 Under the Tort Claims Act, a governmental entity or an employee acting within the scope of his employment is not liable if one of the statute's fifteen exceptions applies. Sec. 34-4-16.5-3. The only exception applicable in this case provides immunity where the plaintiff's loss results from the performance of a discretionary function. Sec. 34-4-16.5-3(6). Immunity is not granted if state employees merely execute or implement predetermined state procedures and do not engage in policy formulation. See Mullin v. Municipal City of South Bend, 639 N.E.2d 278, 282-83 (Ind.1994); Greathouse v. Armstrong, 616 N.E.2d 364, 366-67 (Ind.1993). Because the provision of notice to an inmate of the property seized from his cell is governed by statute and is not a discretionary decision, the prison and its employees would not be entitled to immunity.
 
 
 9
 Finally, we do not read Kindred's complaint as alleging a substantive due process violation. Although he cursorily refers to such a claim at the beginning of his complaint, Kindred's claims for relief are based solely on the state's failure to provide sufficient procedural safeguards prior to the seizure of money and the defendants' violations of state law. Violations of state law do not raise substantive due process issues. Hartland Sportsman's Club, Inc. v. Town of Delafield, 35 F.3d 1198, 1202 (7th Cir.1994). Moreover, his appellate brief makes no mention of a substantive due process claim. In fact, Kindred admits in his brief that "[a] state can forbid its inmates from actually possessing money or temporarily take improperly possessed money away from its inmates." (Appellant's Brief at 4). Accordingly, because the deficiencies of Kindred's complaint cannot be corrected through an amended pleading, the district court's dismissal of Kindred's complaint with prejudice is AFFIRMED.
 
 
 10
 FAIRCHILD, Senior Circuit Judge, dissenting.
 
 
 11
 I agree that it would be frivolous to claim that notice and hearing were required before the seizure of the money from the inmate's possession. I do not agree that it is frivolous to claim that the inmate was entitled to notice and hearing before the money was permanently disposed of.
 
 
 12
 Section 11-11-2-4(a), Burns Indiana Statute, requires that when the department seizes property, it must give the inmate written notice, including the reason for the seizure and the fact that the department's action may be challenged through the grievance procedure. If the statute had been obeyed in this instance, the notice and grievance procedure may have provided due process.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and the record
 
 
 [1]
 The district court also denied Kindred's motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e). Although Kindred's notice of appeal states that he appeals the denial of his Rule 59(e) motion only, the appellate brief indicates his intention to appeal the order dismissing his complaint under 28 U.S.C. Sec. 1915(d). Accordingly, we construe his notice of appeal as an appeal from the underlying judgment. Foman v. Davis, 371 U.S. 178, 181 (1962); Petru v. City of Berwyn, 872 F.2d 1359, 1361-62 (7th Cir.1989)