*704 GRAVES, Presiding Justice,
Dissenting:
¶ 18. “Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand.” U.S. v. Mazurie, 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975). In light of the facts herein, I find that the statute under which Fulgham was prosecuted is valid and, therefore, I respectfully dissent.
¶ 19. At the time Fulgham was caught furnishing a cell phone and cell-phone charger to another inmate, she too was an inmate.[35] While an inmate does not lose all rights upon being incarcerated, incarceration necessarily entails limitations on the right of inmates to possess property in prison. Harris v. Forsyth, 735 F.2d 1235 (11th Cir.1984). One such limitation is set forth in Mississippi Code Section 47-5-193, which provided:
It is unlawful for any officer or employee of the department, or any county sheriffs department, or any private correctional facility in this state in which offenders are confined or for any other person to furnish, attempt to furnish, or assist in furnishing to any offender confined in this state any weapon, deadly weapon, unauthorized electronic devise or contraband item. It is unlawful for any person to take, attempt to take, or assist in taking any weapon, deadly weapon, unauthorized electronic device or contraband item on property belonging to the department which is occupied or used by offenders, except as authorized by law.
Miss.Code Ann. § 47-5-193 (Rev.2004).[36]
¶ 20. Fulgham challenges this statute as being unconstitutionally vague. Specifically, Fulgham argues that the phrase “unauthorized electronic device” is not defined in the statute, and therefore the statute fails adequately to provide fair notice of the conduct that is prohibited. The majority correctly points out that “[t]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.” Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). In applying this test to the language of the statute, logic tells us that a “cell phone” and “cell-phone charger” are “unauthorized electronic devices” for inmate use.
¶ 21. While “unauthorized electronic device” is not specifically defined in the statute, ordinary people can understand that a cell phone and cell-phone charger are electronic devices. Further, as incarceration necessarily entails limitations on an inmate’s right to possess property, “unauthorized” necessarily would include anything that is not specifically authorized. Harris, 735 F.2d 1235. In light of the facts in this case, it would be illogical to reason that the word “unauthorized” does not encompass the meaning “not specifically authorized.” Thus, the phrase “unauthorized electronic device,” implies that any electronic device that is not specifically authorized for inmate use is prohibited.
¶ 22. In this case, Fulgham has provided no evidence that she was ever authorized to possess, use, or furnish to another, a cell phone and cell-phone charger while in prison. In my view, the phrase “unauthorized electronic device,” means that any electronic device not specifically authorized *705 for inmate use is prohibited. Accordingly, I find Mississippi Code Section 47-5-193 (Rev.2004), to be constitutional and would affirm Fulgham’s guilty plea.
RANDOLPH, CHANDLER AND PIERCE, JJ„ JOIN THIS OPINION.

. Fulgham was incarcerated in August of 2004 on a charge of capital murder. She was subsequently convicted and sentenced to death.

. This statute has since been revised. See Miss.Code Ann. § 47-5-193 (Supp.2010).